IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEMAN ALLEN FELDER, | No. 2:20-CV-0266-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, Freeman Allen Felder, is an inmate at Mule Creek State Prison. Plaintiff names the following defendants: (1) Joe Lizarraga, Warden, (2) Patrick Covello, Warden, (3) H. Macias, Corrections Officer, (4) D. Martin, Corrections Officer, (5) Sergeant G. Knight, Corrections Sergeant, (6) Lieutenant E. Uhren, Corrections Lieutenant, (7) Sergeant J. Fisk, Corrections Sergeant, (8) D. Kang, Corrections Officer, (9) Sergeant L. Morris, Corrections Sergeant, (10) Lieutenant M. Allen, Corrections Lieutenant, (11) Lieutenant A. Ladson, Corrections Lieutenant, (12) Lieutenant M. Navarro, Corrections Lieutenant, (13) Lieutenant J. Neely, Corrections Lieutenant, (14) Lieutenant L. Mercado, Corrections Lieutenant, (15) B. Holmes, Chief Deputy Warden, (16) K. Green, Corrections Officer, (17) K. Wallace, Corrections Officer, and (18) Lieutenant J. Ebeling, Corrections Lieutenant. Plaintiff requests punitive and compensatory damages from defendants in both their individual and official capacities.

Plaintiff claims that defendants Macias and Martin violated his Eighth Amendment rights by using excessive force. Plaintiff alleges that on May 25, 2018, two drunk inmates started an argument with plaintiff and began throwing punches at plaintiff. Plaintiff claims that Officer Martin then threw a blast grenade at plaintiff and the other two inmates from six feet away. Plaintiff alleges that the grenade exploded inches from his foot and left a puncture wound. Plaintiff also alleges that defendant Officer Macias began firing direct impact rounds towards plaintiff and the other two inmates. Plaintiff claims that all four rounds struck plaintiff and none of the rounds struck his attackers. Plaintiff claims he suffered a distal fracture in his kneecap, a patellar fracture, a hematoma over his sternum, a lung contusion, and multiple abrasions as a result of the grenade and the direct impact rounds.

Plaintiff also claims that Officer Macias, Officer Martin, and Officer Wallace violated his Eighth Amendment rights by failing to protect plaintiff from threats to his safety. Plaintiff alleges that the two inmates who started an argument with plaintiff also harassed other inmates earlier in the day. Plaintiff claims that Officer Macias, Officer Martin, and Officer Wallace observed the inmates' erratic behavior and allowed it to persist. Plaintiff further alleges that Officer Macias, Officer Martin, and Officer Wallace watched the inmates harass and taunt plaintiff with insults and racial epithets. Plaintiff claims that had the officers intervened, plaintiff would not have been attacked by defendants. Plaintiff also alleges that Officer Macias and Officer Martin seemed amused by the inmates' treatment of plaintiff.

Plaintiff alleges that defendants violated his Sixth, Eighth, and Fourteenth Amendment rights to disciplinary proceedings. Plaintiff claims that the May 25, 2018 incident was a battery at the hands of the two inmates. See ECF No. 1, pg. 8. Plaintiff alleges that Officer Martin and Officer Macias nevertheless wrote plaintiff a Rules Violation Report for fighting. Plaintiff claims that Sergeant Knight and Sergeant Fisk reviewed the report prepared by Officer Martin and Officer Macias. Plaintiff also alleges that Officer Green was assigned to investigate the Rules Violation Report and failed to interview staff and inmate witnesses crucial to plaintiff's defense.

Plaintiff was found guilty at the hearing and appealed on the grounds of due process. Plaintiff claims that Lieutenant Ladson ordered the RVR reissued and reheard. Plaintiff alleges that Officer Kang was assigned to investigate the appeal. Plaintiff claims that Officer Kang prepared an incomplete RVR report. Plaintiff was found guilty on appeal. Plaintiff claims the appeal violated his constitutional rights due to an inadequate investigation and failure to interview critical witnesses. Plaintiff's complaint does not clearly establish whether plaintiff was not allowed at the administrative appeal hearing or if plaintiff's preferred witnesses were not allowed at the administrative appeal hearing. See ECF No. 1, pgs. 8-9. Plaintiff claims that Lieutenant Navarro was the officer of the administrative appeal hearing and that although Lieutenant Navarro acknowledged plaintiff was the victim of battery, he still found plaintiff guilty of fighting. Plaintiff alleges that Lieutenant Neely approved the results of the appeal.

1    Plaintiff claims he appealed the finding again. Plaintiff alleges that defendant Mercado interviewed him for the second appeal and that defendant Ebeling denied the second appeal. Plaintiff claims that defendant Holmes reviewed the 602 process and defendant Lizarraga "validated the process". Id. Finally, plaintiff alleges that as wardens, defendants Lizarraga and Covello oversee the daily operations of Mule Creek State Prison and therefore are responsible for its policies and procedures.

## II. DISCUSSION

The Court finds that plaintiff states cognizable Eighth Amendment excessive force claims against Officer Macias and Officer Martin. The Court also finds that plaintiff states a cognizable Fourteenth Amendment due process claim against Officer Green based on Officer Green's alleged refusal to interview witnesses that were crucial to plaintiff's case. The Court otherwise finds that plaintiff's claim suffers from six defects. First, plaintiff has failed to allege a sufficient causal connection between the alleged constitutional violations and the actions of defendants (1) Lizarraga, (2) Sergeant Knight, (3) Lieutenant Uhren, (4) Sergeant Morris, (5) Sergeant Fisk, (6) Lieutenant Ladson, and (7) Lieutenant Mercado. Second, plaintiff has failed to allege sufficient facts to establish supervisor liability for defendants (1) Lizarraga, (2) Covello, (3) Chief Deputy Warden Holmes, and (4) Lieutenant Allen. Third, plaintiff has failed to state a cognizable Eighth Amendment threat to safety claim against (1) Officer Macias, (2) Officer Martin, and (3) Officer Wallace. Fourth, plaintiff has failed to state a cognizable constitutional claim against defendants in respect to plaintiff's disciplinary hearings and administrative grievance processes. Fifth, plaintiff cannot establish a cognizable Sixth Amendment claim for his disciplinary proceedings and administrative grievances processes because they are not criminal proceedings.

/ / /

/ / /

/ / /

/ / /

4

**A.     Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

1.     Defendant Lizarraga

Here, plaintiff fails to state a causal connection between Lizarraga's actions and the alleged constitutional violations. Plaintiff only states that Lizarraga "validated the [602 violation] process". See ECF No. 1, pg. 9. Plaintiff does not elaborate on how Lizarraga validated the process. It is unclear from plaintiff's allegation whether Lizarraga reviewed plaintiff's specific case or implemented the policy that governed plaintiff's case. Because plaintiff does not clearly establish Lizarraga's relationship to the alleged constitutional violations, he fails to state a cognizable claim against Lizarraga.

2.     Defendant Sergeant Knight

Here, plaintiff fails to state a causal connection between Sergeant Knight's actions and the alleged constitutional violations. Plaintiff only states that Sergeant Knight approved the Rules Violation Report written by Martin and Macias. See ECF No. 1, pg. 6. It is unclear from plaintiff's allegation if Sergeant Knight investigated plaintiff's specific allegations or confirmed that the report was accurately completed. Because plaintiff does not clearly explain how Sergeant Knight's RVR approval violated plaintiff's constitutional rights, plaintiff has failed to state a cognizable claim against Sergeant Knight.

### 3. Defendant Lieutenant Uhren

Here, plaintiff fails to state a causal connection between Lieutenant Uhren's actions and the alleged constitutional violations. Plaintiff only states that Lieutenant Uhren classified the Rules Violation Report as a Division D offense. See ECF No. 1, pg. 6. Plaintiff does not explain what a Division D is or what Lieutenant Uhren needed to do to classify his Rules Violation Report as a Division D offense. Because plaintiff does not clearly explain how Lieutenant Uhren's actions relate to the alleged constitutional violations, he has failed to state a cognizable claim against Lieutenant Uhren.

### 4. Defendants Sergeant Morris and Sergeant Fisk

Here, plaintiff fails to state a causal connection between Sergeant Morris and Sergeant Fisk's actions and the alleged constitutional violations. Plaintiff only states that Sergeant Fisk and Sergeant Morris reviewed the Rules Violation Report written by Officer Martin. See ECF No. 1, pg. 8. Plaintiff does not further elaborate on what Sergeant Morris and Sergeant Fisk's reviews entailed. Because plaintiff does not clearly explain how Sergeant Fisk and Sergeant Morris's actions violated plaintiff's constitutional rights, plaintiff has failed to establish a cognizable claim against Sergeant Morris or Sergeant Fisk.

### 5. Defendant Lieutenant Ladson

Here, plaintiff has failed to state a causal connection between Lieutenant Ladson's actions and the alleged constitutional violations. Plaintiff only states that Lieutenant Ladson granted plaintiff's request for an appeal and ordered plaintiff's Rules Violation Report to be reissued and reheard. See ECF No. 1, pg. 8. Plaintiff's allegations do not make clear how Lieutenant Ladson's decision to grant plaintiff's appeal request violated plaintiff's constitutional rights. Thus, plaintiff has failed to establish a cognizable claim against Lieutenant Ladson.

### 6. Defendant Lieutenant Mercado

Here, plaintiff has failed to state a causal connection between Lieutenant Mercado's actions and the alleged constitutional violations. Plaintiff only states that Lieutenant Mercado violated his rights by interviewing plaintiff for plaintiff's second-level appeal. See ECF No. 1, pg. 9. Plaintiff does not elaborate further on the contents of the interview or how the

interview violated plaintiff's rights. Because plaintiff does not establish a sufficient causal connection between Lieutenant Mercado's action and the alleged constitutional violations, plaintiff has failed to establish a cognizable claim against Lieutenant Mercado.

### 7. Officer Kang

Plaintiff alleges that Officer Kang violated his constitutional rights by writing an incomplete report for plaintiff's investigative appeal. However, plaintiff does not explain how Officer Kang's investigative report was incomplete. Because plaintiff has failed to establish a sufficient causal link between Officer Kang's incomplete report and the alleged constitutional violations, plaintiff has failed to state a cognizable claim against Officer Kang.

### 8. Lieutenant Allen

Plaintiff alleges that Lieutenant Allen violated his constitutional rights by approving Officer Macias and Officer Martin's Rules Violation Report. Plaintiff does not explain whether Lieutenant Allen was part of the prison hearing board or simply reviewed the Rules Violation Report to confirm that it was completed properly. Because plaintiff has not clearly established a causal connection between Lieutenant Allen's actions and the alleged constitutional violations, plaintiff has not stated a cognizable claim against Lieutenant Allen.

### B. Supervisor Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v.

Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

1.  Defendants Lizarraga and Covello

Here, plaintiff has failed to allege sufficient facts to establish supervisor responsibility against Lizarraga. Plaintiff claims that Lizarraga and Covello oversee policy development and implementation at Mule Creek State Prison. See ECF No. 1, pg. 9. However, plaintiff does not identify the policy that violated plaintiff's rights nor does he explain how Lizarraga or Covello's policies violated plaintiff's rights. Because plaintiff has not alleged sufficient facts to establish supervisor liability against Lizarraga or Covello, plaintiff has failed to state a cognizable claim against Lizarraga or Covello.

2.  Chief Deputy Warden Holmes

Here, plaintiff has failed to allege sufficient facts to establish supervisory liability for Chief Deputy Warden Holmes. Plaintiff only states that Chief Deputy Warden Holmes reviewed the 602 process. See ECF No. 1, pg. 9. Plaintiff's allegation does not make clear whether Chief Deputy Holmes reviewed his specific case or whether Holmes oversaw the entire 602 process for cases like plaintiff's. Insofar as plaintiff alleges that Chief Deputy Holmes established a 602 process that violated plaintiff's constitutional right, he does not sufficiently explain what Chief Deputy Holmes's policy is or how the policy violated plaintiff's constitutional rights. Thus, plaintiff has failed to state a cognizable claim against Chief Deputy Warden Holmes on the basis of supervisor liability.

///

///

        3.      <u>Lieutenant Allen</u>

Here, plaintiff claims that Lieutenant Allen violated his Eighth Amendment rights through use of excessive force. However, plaintiff has failed to allege sufficient facts to establish supervisory responsibility for Lieutenant Allen. Plaintiff alleges that Lieutenant Allen wrote a Use of Force report and approved Officer Macias and Officer Martin's Rule Violation report against plaintiff. See ECF No. 1, pg. 6. Plaintiff's allegations do not suggest that Lieutenant Allen participated in or directed the allege use of excessive force. Further, plaintiff's allegations also do not suggest that Lieutenant Allen implemented the policy that led to plaintiff's rights being violated. Because plaintiff has failed to allege sufficient facts to establish supervisor liability for Lieutenant Allen, he has failed to state a cognizable claim against Lieutenant Allen.

        **C.**      **<u>Eighth Amendment Threat to Safety Claim</u>**

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250-51 (9th Cir. 1982); <u>Farmer</u>, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See <u>Farmer</u>, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See <u>Farmer</u>, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See <u>Berg v. Kincheloe</u>, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See <u>Farmer</u>, 511 U.S. at 844.

///

///

///

9

Here, plaintiff has failed to establish that Officer Martin, Officer Macias, and Officer Wallace knew of and disregarded the threat to plaintiff's safety. Plaintiff alleges that the three officers saw two inmates verbally harass him and call him racial epithets. See ECF No. 1, pg. 7. However, allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments. See Keenan, 83 F.3d at 1092. Plaintiff does not allege that the insults and demeaning epithets were unusually gross for a prison setting or that plaintiff was psychologically damaged as a result of the commentary. Further, although plaintiff alleges that defendants were amused by the "hooligan-like behavior" of the inmates, he does not allege that the officers would have any reason to believe that the inmates' erratic behavior would lead the inmates to harm plaintiff. See ECF No. 1, pg. 7. Because plaintiff has failed to allege sufficient facts to establish defendants' subjective knowledge that plaintiff was in imminent danger, plaintiff has failed to allege a cognizable Eighth Amendment threat to safety claim against Officer Macias, Officer Martin, and Officer Wallace.

### D. Disciplinary Proceedings Claims

When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974); see also Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985); Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003); Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997); Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994),

abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986), abrogated in part on other grounds by Sandin, 515 U.S. 472.

"When prison officials limit an inmate's efforts to defend himself [or herself], they must have a legitimate penological reason." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Serrano, 345 F.3d at 1079; Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987) (per curiam). Prison officials must make individualized determinations to limit the calling of witnesses, see Serrano, 345 F.3d at 1079; Mitchell, 75 F.3d at 525; Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th Cir. 1982), and must eventually explain their reasons for so limiting the prisoner's ability to defend her- or himself, see Ponte, 471 U.S. at 497. Where the record does not contain such an explanation, it is error to grant summary judgment. See Serrano, 345 F.3d at 1079-80; Walker, 14 F.3d at 1421; McFarland, 779 F.2d at 1429; cf. Ponte, 471 U.S. at 499 (allowing in camera review of prison officials' reasons for limiting prisoner's defense).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." Hill, 472 U.S. at 455; see also Bruce v. Ylst, 351 F.3d 1283, 1287-88 (9th Cir. 2003); Toussaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Jancsek v. Or. Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-75 (9th Cir. 1999) (where there is no evidence of guilt, it may be unnecessary to demonstrate existence of a liberty interest). But see Hines v. Gomez, 108 F.3d 265, 268-69 (9th Cir. 1997) (holding that this standard does not apply to original rules violation report where prisoner alleges the report is false). The disciplinary officers may rely on the testimony of an unidentified

informant in reaching their conclusion. See Zimmerlee, 831 F.2d at 186-87. Prison disciplinary proceedings may also rely on the silence of the prisoner as evidence. See Baxter v. Palmigiano, 425 U.S. 308, 316-18 (1976).

### 1. Officer Martin and Officer Macias

Plaintiff alleges that Officer Martin and Officer Macias violated his constitutional rights by writing an unfair Rules Violation Report. See ECF No. 1, pg. 8. Due process is satisfied if some evidence supports the decision by the prison disciplinary board. See Hill, 472 U.S. at 455. Here, plaintiff described a physical altercation between himself and two inmates. The physical altercation supports Officer Macias and Officer Martin's recount of events. Thus, plaintiff cannot bring a cognizable claim against Officers Macias and Martin on the basis of disciplinary proceedings.

### 2. Lieutenant Navarro

Plaintiff alleges that Lieutenant Navarro violated his constitutional rights by finding plaintiff guilty of fighting as plaintiff's disciplinary hearing officer. Due process is satisfied if some evidence supports the decision by the prison disciplinary board. See Hill, 472 U.S. at 455. Here, plaintiff describes a fraught situation in which there was a physical altercation between plaintiff and the two inmates. See ECF No. 1, pg. 5. The physical altercation supports Lieutenant Navarro's conclusion that plaintiff was guilty of fighting. Thus, plaintiff has failed to state a cognizable claim against Lieutenant Navarro.

### E. **Prison Grievance Claims**

Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.   Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863

(N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

The Court acknowledges that plaintiff attempts to bring disciplinary proceeding claims against Lieutenant Neely and Lieutenant Ebeling. However, plaintiff's allegations against Lieutenant Ebeling and Lieutenant Neely address plaintiff's prison grievances. Plaintiff alleges that Lieutenant Ebeling violated his constitutional rights by denying his second level appeal. See ECF No. 1, pg. 6. Plaintiff also claims that Lieutenant Neely violated his constitutional rights by upholding the flawed charges against plaintiff despite plaintiff's appeal. Plaintiff has no constitutional right to the prison grievance process. See Mann, 855 F.2d at 639. Further, plaintiff does not allege that Lieutenant Ebeling or Lieutenant Neely's actions implicated his First Amendment rights. Thus, plaintiff has failed to establish a cognizable claim against Lieutenant Ebeling or Lieutenant Neely.

### F. Sixth Amendment Claims

The Sixth Amendment protects the procedural rights of defendants in criminal proceedings. See U.S. CONST. amend. VI. The Court recognizes that plaintiff attempts to bring Sixth Amendment violation claims against defendants (1) Officer Macias, (2) Officer Martin, (3) Sergeant Fisk, (4) Sergeant Knight, (5) Officer Green, (6) Lieutenant Ladson, (7) Officer Kang, (8) Officer Morris, (9) Lieutenant Navarro, (10) Lieutenant Neely, (11) Lieutenant Mercado, (12) Lieutenant Ebeling, (13) Chief Deputy Warden Holmes, (14) Warden Lizarraga, and (15) Warden Covello. However, plaintiff's allegations against defendants address plaintiff's prison disciplinary proceedings and prison grievance proceedings. Prison disciplinary proceedings and grievance

complaints are not criminal proceedings and therefore are not subject to Sixth Amendment protections. Thus, plaintiff cannot establish a cognizable Sixth Amendment claim against defendants and any further amendment of this claim would be futile.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  July 23, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE