# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEMAN ALLEN FELDER,<br><br>Plaintiff,<br><br>v.<br><br>JOE LIZARRAGA, et al.,<br><br>Defendants. | No. 2:20-CV-0266-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On July 24, 2020, the Court issued an order addressing the sufficiency of Plaintiff's pro se complaint. See ECF No. 8. The Court summarized Plaintiff's allegations as follows:

> Plaintiff, Freeman Allen Felder, is an inmate at Mule Creek State Prison. Plaintiff names the following defendants: (1) Joe Lizarraga, Warden, (2) Patrick Covello, Warden, (3) H. Macias, Corrections Officer, (4) D. Martin, Corrections Officer, (5) Sergeant G. Knight, Corrections Sergeant, (6) Lieutenant E. Uhren, Corrections Lieutenant, (7) Sergeant J. Fisk, Corrections Sergeant, (8) D. Kang, Corrections Officer, (9) Sergeant L. Morris, Corrections Sergeant, (10) Lieutenant M. Allen, Corrections Lieutenant, (11) Lieutenant A. Ladson, Corrections Lieutenant, (12) Lieutenant M. Navarro, Corrections Lieutenant, (13) Lieutenant J. Neely, Corrections Lieutenant, (14) Lieutenant L. Mercado, Corrections Lieutenant, (15) B. Holmes, Chief Deputy Warden, (16) K. Green, Corrections Officer, (17) K. Wallace, Corrections Officer, and (18)

Lieutenant J. Ebeling, Corrections Lieutenant. Plaintiff requests punitive and compensatory damages from defendants in both their individual and official capacities.

Plaintiff claims that defendants Macias and Martin violated his Eighth Amendment rights by using excessive force. Plaintiff alleges that on May 25, 2018, two drunk inmates started an argument with plaintiff and began throwing punches at plaintiff. Plaintiff claims that Officer Martin then threw a blast grenade at plaintiff and the other two inmates from six feet away. Plaintiff alleges that the grenade exploded inches from his foot and left a puncture wound. Plaintiff also alleges that defendant Officer Macias began firing direct impact rounds towards plaintiff and the other two inmates. Plaintiff claims that all four rounds struck plaintiff and none of the rounds struck his attackers. Plaintiff claims he suffered a distal fracture in his kneecap, a patellar fracture, a hematoma over his sternum, a lung contusion, and multiple abrasions as a result of the grenade and the direct impact rounds.

Plaintiff also claims that Officer Macias, Officer Martin, and Officer Wallace violated his Eighth Amendment rights by failing to protect plaintiff from threats to his safety. Plaintiff alleges that the two inmates who started an argument with plaintiff also harassed other inmates earlier in the day. Plaintiff claims that Officer Macias, Officer Martin, and Officer Wallace observed the inmates' erratic behavior and allowed it to persist. Plaintiff further alleges that Officer Macias, Officer Martin, and Officer Wallace watched the inmates harass and taunt plaintiff with insults and racial epithets. Plaintiff claims that had the officers intervened, plaintiff would not have been attacked by defendants. Plaintiff also alleges that Officer Macias and Officer Martin seemed amused by the inmates' treatment of plaintiff.

Plaintiff alleges that defendants violated his Sixth, Eighth, and Fourteenth Amendment rights to disciplinary proceedings. Plaintiff claims that the May 25, 2018 incident was a battery at the hands of the two inmates. See ECF No. 1, pg. 8. Plaintiff alleges that Officer Martin and Officer Macias nevertheless wrote plaintiff a Rules Violation Report for fighting. Plaintiff claims that Sergeant Knight and Sergeant Fisk reviewed the report prepared by Officer Martin and Officer Macias. Plaintiff also alleges that Officer Green was assigned to investigate the Rules Violation Report and failed to interview staff and inmate witnesses crucial to plaintiff's defense.

Plaintiff was found guilty at the hearing and appealed on the grounds of due process. Plaintiff claims that Lieutenant Ladson ordered the RVR reissued and reheard. Plaintiff alleges that Officer Kang was assigned to investigate the appeal. Plaintiff claims that Officer Kang prepared an incomplete RVR report. Plaintiff was found guilty on appeal. Plaintiff claims the appeal violated his constitutional rights due to an inadequate investigation and failure to interview critical witnesses. Plaintiff's complaint does not clearly establish whether plaintiff was not allowed at the administrative appeal hearing or if plaintiff's preferred witnesses were not allowed at the administrative appeal hearing. See ECF No. 1, pgs. 8-9. Plaintiff claims that Lieutenant Navarro was the officer of the administrative appeal hearing and that although Lieutenant Navarro acknowledged plaintiff was the victim of battery, he still found plaintiff guilty of fighting. Plaintiff alleges that Lieutenant Neely approved the results of the appeal.

///

>Plaintiff claims he appealed the finding again. Plaintiff alleges that defendant Mercado interviewed him for the second appeal and that defendant Ebeling denied the second appeal. Plaintiff claims that defendant Holmes reviewed the 602 process and defendant Lizarraga "validated the process". <u>Id.</u> Finally, plaintiff alleges that as wardens, defendants Lizarraga and Covello oversee the daily operations of Mule Creek State Prison and therefore are responsible for its policies and procedures.
>
>ECF No. 8, pgs. 2-4.

The Court found that Plaintiff states a cognizable Eighth Amendment excessive force claims against Officer Macias and Officer Martin.  <u>See id.</u> at 4. The Court also found that Plaintiff states a cognizable Fourteenth Amendment due process claim against Officer Green based on Officer Green's alleged refusal to interview witnesses that were crucial to Plaintiff's case.  <u>See id.</u>  The Court otherwise found that Plaintiff's complaint suffers from a number of defects, as follows:

>. . .First, plaintiff has failed to allege a sufficient causal connection between the alleged constitutional violations and the actions of defendants (1) Lizarraga, (2) Sergeant Knight, (3) Lieutenant Uhren, (4) Sergeant Morris, (5) Sergeant Fisk, (6) Lieutenant Ladson, and (7) Lieutenant Mercado. Second, plaintiff has failed to allege sufficient facts to establish supervisor liability for defendants (1) Lizarraga, (2) Covello, (3) Chief Deputy Warden Holmes, and (4) Lieutenant Allen. Third, plaintiff has failed to state a cognizable Eighth Amendment threat to safety claim against Officer Macias, Officer Martin, and Officer Wallace. Fourth, plaintiff has failed to state a cognizable constitutional claim against defendants in respect to plaintiff's disciplinary hearings and administrative grievance processes. Fifth, plaintiff cannot establish a cognizable Sixth Amendment claim for his disciplinary proceedings and administrative grievances processes because they are not criminal proceedings.
>
><u>Id.</u>

The Court then outlined specific findings.  <u>See id.</u> at 5-14.  Plaintiff was provided an opportunity to file a first amended complaint and advised that, if he did not do so, the case would proceed on the original complaint as to the cognizable claims against Defendants Macias, Martin, and Green.  <u>See id.</u> at 14.

///

///

///

On August 28, 2020, the Court granted Plaintiff's pro se request for a 60-day extension of time to file a first amended complaint. See ECF No. 10. On October 27, 2020, counsel appeared in the action on behalf of Plaintiff. See ECF No. 11. On the same day, Plaintiff's counsel requested a further 60-day extension of time. See ECF No. 12. On October 30, 2020, the Court granted counsel's request. See ECF No. 13. On January 30, 2021, counsel sought a further 60-day extension of time to file a first amended complaint. See ECF Nos. 14 and 15. The Court granted the request on February 3, 2021. See ECF No. 16.

To date, Plaintiff has not filed a first amended complaint. The Court therefore now recommends this action proceed on the cognizable claims against Defendants Macias, Martin, and Green identified in the Court's initial July 24, 2020, screening order and that all other claims and defendants be dismissed. By separate order the Court will direct service of the original pro se complaint on Defendants Macias, Martin, and Green.

Based on the foregoing, the undersigned recommends that:

1. This action proceed on the original pro se complaint on Plaintiff's Eighth Amendment excessive force claims against Defendants Macias and Martin and Plaintiff's Fourteenth Amendment due process claim against Defendant Green; and

2. All other claims and defendants be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 30, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE