IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEMAN ALLEN FELDER,<br><br>    Plaintiff,<br><br>    v.<br><br>H. MACIAS, et al.,<br><br>    Defendants. | No. 2:20-CV-0266-WBS-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 58.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. In his motion, Plaintiff states that he is indigent, the issues involved in this case are complex, he has limited law library access, and he has been unable to retain new counsel after former retained counsel withdrew. These are not exceptional circumstances. A review of the docket reflects that, when Plaintiff has been proceeding pro se in this case, he has been able to articulate his claims on his own. Further, contrary to Plaintiff's assertion that the case involved medical deliberate indifference and will likely require expert testimony, Plaintiff's claims involve the alleged use of excessive force. Such claims are typically neither factually nor legally complex. Finally, Plaintiff has not established a likelihood of success on the merits. To that point, the Court notes that Defendants' motion for summary judgment remains pending and Plaintiff has not yet filed a substantive opposition to that motion.

As to the pending motion for summary judgment, Plaintiff filed a pro se response on January 11, 2024, stating that he cannot substantively respond because former retained counsel never provided Plaintiff a copy of Defendants' motion or the discovery produced by Defendants. In response to Plaintiff's filing, Defendants re-served Plaintiff a copy of their motion for summary judgment. See ECF No. 57. Defendants also do not oppose a further extension of time for Plaintiff to file a substantive pro se opposition to their motion for summary judgment. See ECF No. 59. Good cause appearing therefor, the Court will grant Plaintiff an extension of time to file a pro se opposition.

///

///

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for the appointment of counsel, ECF No. 58, is denied.

2. Plaintiff is granted an extension of time to file a substantive pro se opposition to Defendants' motion for summary judgment.

3. Plaintiff's opposition is due within 45 days of the date of this order.

Dated: March 4, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE